ANGELINE PALDINO
*vs.*
BRISTOL SAVINGS BANK

Superior Court          Hartford County          File No. 57599

MEMORANDUM FILED OCTOBER 17, 1939.

*Algert F. Politis,* of New Britain, for the Plaintiff.

*Pelgrift & Blumenfeld,* of Hartford, for the Defendant.

BOOTH, J.   On August 13, 1937, the plaintiff, who was going to a tenement occupied by a Swedish family with whom she thought her son was visiting, at about 9 p.m., d.s.t., approached a building owned by the defendant.   This building is a three-family dwelling but none of the apartments was occupied by persons upon whom her son was calling.   There was in fact a neighboring house in which a Swedish family lived, but whether the son was actually a caller at that family's house did not appear in evidence.

There are two outer doors towards the rear of the side of the defendant's building.   One of these leads to a stairway running to the second floor, while the other opens onto a landing on the inside edge of which a flight of steps leads downward to the cellar floor.

The plaintiff claims she entered this latter door with the

impression that it was the entrance to the house and although the entrance was dark, proceeded therein until she was pre-cipitated to the cellar floor, from which point on she claims to have lost consciousness until she was home in bed.

On the other hand the evidence is undisputed that she was found by the occupants of the defendant's house seated on the steps in front of the first door, complaining about her head and her heart and in possession of a blanket she had taken from a baby carriage on a platform near where she was seated.

The nature of her injuries are such as to cast serious doubt on her claim that she actually fell down the stairs to the cellar, particularly in view of her testimony as to her unconsciousness. She has failed to establish, therefore, that the accident occurred as she claims it did, it being more probable than otherwise that she fell before she attempted to enter the building at all. On the other hand she was a trespasser to whom the defendant owed no duty until it might reasonably anticipate her presence, and as there was no evidence from which such a conclusion could reasonably be drawn on her theory of the accident, she has no case.

Judgment is therefore rendered for the defendant upon the issues of the complaint and for the defendant to recover of the plaintiff its costs.